**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 28, 2016
Decided December 29, 2016

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 16-1537

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>    *Plaintiff-Appellee,* <br><br>    *v.* <br><br> RENARD McCRAY, <br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 1:12-cr-00634-1 <br><br> James B. Zagel, <br> *Judge.* |

## O R D E R

This is an appeal from a revocation of supervised release. Defendant Renard McCray asks that we vacate a district court order finding him in violation of his conditions of supervised release. Because the defendant consented to a condition of supervised release requiring him to spend 180 days at a halfway house, and because he stipulated to having violated that condition, we affirm this part of the district court's order.

The defendant also contends that one of the new conditions on supervised release imposed in the same order—the third-party notification requirement—should

be vacated as unconstitutionally vague. Because the government concedes this point on appeal, we vacate this part of the district court's order and remand for a limited resentencing to clarify this condition on supervised release.

## I.

On August 2, 2013, Renard McCray pleaded guilty to one count of failing to register as a sex offender in violation of the Sex Offender Notification Act (SORNA), 18 U.S.C. § 2250(a), and was sentenced to 37 months' imprisonment and three years of supervised release. While serving that term, the probation office requested a modification of McCray's conditions on release, to add a mandatory 180 days' halfway-house placement. To comply with FED. R. CRIM. PRO. 32.1(c)(2)(A), the probation officer and McCray signed a Probation Form 49, memorializing McCray's waiver of his right to a hearing on the modification of conditions of supervised release. There is some evidence in the record that the reason for this modification was because his wife's house was SORNA non-compliant—perhaps too close to a school. Apparently the halfway house would be an acceptable place for McCray to live, providing him some time to find SORNA-compliant housing.

McCray was released from prison and began his supervised release on May 19, 2015. In September 2015, a little over four months later, McCray left the halfway house in violation of his condition on supervised release. A warrant issued shortly thereafter and McCray was arrested at his wife's house on October 6, 2015, and he has been in custody ever since. On February 4, 2016, the district court revoked McCray's supervised release, and imposed an above-Guidelines sentence of 24 months in custody, followed by a year of supervised release.

The district judge also imposed a number of mandatory and discretionary conditions on this new term of supervised release. Pertinent to this appeal, the judge imposed this discretionary condition: "The defendant must notify, as directed by the Probation Officer, third parties of risks that may be occasioned by the Defendant's criminal record or personal history or characteristics and shall permit the Probation Officer to make such notifications and to confirm the Defendant's compliance with such notification requirement." It is from this order that plaintiff appeals.

## II.

There are two issues on appeal, which we will dispose of in turn. First, McCray questions the authenticity of his waiver of a right to a hearing for modification of conditions on supervised. Similarly, he claims that he did not violate this condition on release, because that the condition was improper in the first place.

A challenge to a waiver of rights under Rule 32.1 is reviewed by considering the totality of the circumstances. *United States v. LeBlanc*, 175 F.3d 511, 516-17 (7th Cir. 1999). In this case, the defendant's argument is without merit. The Probation Form 49 in the record clearly shows that McCray waived his right to counsel and hearing, and that he agreed to the modification. Even in the absence of the form, however, the argument was waived when, in open court, McCray's counsel noted that "my client, after discussion with probation, agreed and was amenable to extended stay in the Halfway House."

It is true that McCray's case is atypical in that his stay in the halfway house was apparently not to serve the penological purpose of rehabilitation but rather to provide him with temporary housing. Nevertheless, to suggest that the stay was strictly voluntary is nonsense. Halfway houses have rules, such as curfews. McCray showed up on the day of his release, and was required to wear a GPS bracelet. He was required to notify staff of his whereabouts. In order to leave he lied, claiming he had a social service appointment. He then cut off the GPS bracelet. There was obviously no question that he knew his stay at the halfway house was a mandatory, agreed-to condition of supervised release.

McCray also claims that he did not violate this condition of release. His argument, essentially, is that he couldn't violate a condition that he never agreed to in the first place. There can be no dispute, however, that McCray violated the condition. On October 19, 2015, counsel for the defendant admitted in open court that "No one is disputing that Mr. McCray left the Halfway House."   Again, on January 13, 2016, McCray's lawyer helpfully provided: "I don't think … that McCray has actually admitted to the violation [at that point in the hearing]. So for the record, he is admitting to violation number 1," which consisted of leaving the halfway house early. Even apart from these explicit concessions there is ample, undisputed evidence in the hearing transcript regarding McCray's unannounced departure from the halfway house. He cut off his GPS bracelet, lied to staff, and left, eventually being arrested on October 6, 2015 *at his wife's residence* out of state. The 180-day requirement, had he complied, was set to expire two weeks later.

Thus, it is clear from the record that the district court did not err in finding McCray in violation of a valid condition on his supervised release.

### III.

The defendant raises one final argument on appeal. Once the defendant was found in violation of his conditions of supervised release, the district court imposed on him a sentence of 24 months' imprisonment and another year of supervised release. This term of imprisonment was substantially above the Guidelines range of 7–13 months.

He objects to Special Condition 12, imposed upon his upcoming year of supervised release, which reads: "The defendant must notify, as directed by the Probation Officer, third parties of risks that may be occasioned by the Defendant's criminal record or personal history or characteristics and shall permit the Probation Officer to make such notifications and to confirm the Defendant's compliance with such notification requirement."

The defendant contends that this condition is unconstitutionally vague, because it provides "no indication what the district court meant by 'personal history' or 'characteristics' and is uncertain what 'risks' must be disclosed to which 'third parties.'" It cites recent Seventh Circuit precedent in support of this proposition. *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015); *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015); *United States v. Bickart*, 825 F.3d 832 (7th Cir. 2016).

For its part, the government concedes that a remand is necessary, and recommends that the condition, rather than placing a vague burden on the defendant, should instead require him simply to consent to his probation officer to notify third parties at the officer's discretion. We need not direct the district court on this point, and note that on remand it might consider such a requirement, or it might simply clarify its condition by directing the defendant to notify specific parties about specific characteristics he has that pose specific risks.

Accordingly, the decision of the district court to revoke Renard McCray's supervised release is affirmed. We vacate the conditions of supervised release, however, and remand for the limited purpose of clarifying the notification condition.